# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0058-001-CVE |
| ) | |
| TRINIDAD RODELA, ) | |
| a/k/a "Tony," ) | |
| a/k/a "Trini," ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the defendant's Unopposed Motion to Continue the Trial Date (Dkt. # 158) of the jury trial set for November 18, 2013. Defendant Trinidad Rodela is charged with possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine and, if convicted, he faces a mandatory minimum sentence of ten years and a possible maximum sentence of life. Dkt. # 20. Defendant was placed on pretrial release on April 8, 2005, but in September 2005, he became a fugitive until he was arrested on September 18, 2013. See Dkt. ## 12, 66, 149. A motion to continue the trial date was filed on October 30, 2013. Dkt. # 158. Defendant has executed a written speedy trial waiver. Dkt. # 159. The government does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest

of the defendant and the public.  Id.  The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."  United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time."  Id. at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act.  Id. at 1273.

On October 23, 2013, William Widell was appointed to represent defendant.  Dkt. # 153.  On October 25, 2013, Steven Knorr was contacted by defendant's family about possible representation.  Dkt. # 158, at 2.  On October 30, 2013, Mr. Knorr met with defendant and agreed to represent him, and an appearance was filed the same day.  Id.; Dkt. # 157.  As of the time of this motion, Mr. Knorr had not yet received discovery materials.  Dkt. # 158, at 2.  Mr. Knorr believes additional time is needed to review discovery, consult with his client, and prepare a defense.  Id.

The Court has considered defendant's motion for a continuance and finds that defendant's request is reasonable. Defense counsel has not yet had sufficient time to review discovery, consult with his client, or prepare a defense. Considering all of these factors and the severity of the charges against defendant, the Court finds that the trial of this matter should be continued to the December 2013 jury trial docket. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the defendant's Unopposed Motion to Continue the Trial Date (Dkt. # 158) is **granted**. The jury trial set for November 18, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | November 25, 2013 |
| Responses due: | December 2, 2013 |
| **PT/CP/Motions Hearing:** | **December 9, 2013 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 10, 2013 |
| **Jury Trial:** | **December 16, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between November 18, 2013 and December 16, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 1st day of November, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE